UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH CALLES AND MERSIHA RAMIC, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFFS<br><br>v.<br><br>ORTHOPAEDIC ASSOCIATES, LLP AND ALAN J. RECHTER, MD, INDIVIDUALLY,<br><br>DEFENDANTS | §§§§§§§§§§§§§§ | CIVIL ACTION NO 4:16-cv-3754 |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

COME NOW Plaintiffs Elizabeth Calles and Mersiha Ramic on behalf of themselves and all others similarly situated and file this collective action against Defendants Orthopaedic Associates, LLP and Alan J. Rechter, MD, Individually ("Defendants") and in support thereof would show unto this Honorable Court as follows:

### I. PRELIMINARY STATEMENT

1.1   This is a collective action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"). Defendants operate the oldest ongoing orthopedic group in Houston Texas, providing treatment for orthopedic injuries. Defendants employ a number of non-exempt, hourly employees, including Plaintiffs, who are pressured to work off the clock/under-report their hours.

1.2   Plaintiffs, on behalf of themselves and all other similarly situated employees employed by Defendants as hourly, non-exempt employees, bring this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-

judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3     For at least three years prior to the filing of this Complaint, Defendants willfully committed widespread violations of the FLSA by failing to pay their hourly non-exempt employees for all hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

1.4     This collective action consists of current and former non-exempt hourly employees who worked for Defendants in the three years preceding the filing of this suit who were pressured to work off the clock/under-report their hours and/or who were not paid all overtime compensation they were due.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant Orthopaedic Associates, LLP because this entity conducts business in Texas and has entered into relationships with Plaintiffs in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

### III. PARTIES

**A.     Plaintiffs**

3.1     Plaintiff Calles is an individual residing in Yuma County, Arizona.  Her notice of consent is attached hereto as Exhibit A.  Plaintiff Ramic is an individual residing in Harris County, Texas.  Her notice of consent is attached hereto as Exhibit B.

**B.     Defendants**

3.2     Defendant Orthopaedic Associates, LLP is a domestic limited liability partnership formed and existing under the laws of the State of Texas and maintains and operates its principal office in Houston, Texas.

3.3     Defendant Orthopaedic Associates, LLP was an employer of the Plaintiffs and those similarly situated as defined by 29 U.S.C. §203(d).

3.4     Defendant Orthopaedic Associates, LLP can be served with process by serving its Managing Partner, Alan J. Rechter, MD, at 5420 West Loop South, Suite 2300, Houston Texas 77401.

3.5     Defendant Alan J. Rechter, MD is an individual who resides in Houston, Texas.

3.6     At all times relevant to this claim, Defendant Alan J. Rechter, MD acted directly or indirectly in the interest of Defendant Orthopaedic Associates, LLP in relation to the employment of Plaintiffs and those similarly situated.

3.7     At all times relevant to this claim, Defendant Alan J. Rechter, MD was substantially in control of the terms and conditions of the work of Plaintiffs and those similarly situated.

3.8     At all times relevant to this claim, Defendant Alan J. Rechter, MD was an employer of the Plaintiffs and those similarly situated as defined by 29 U.S.C. §203(d).

3.9     Defendant Alan J. Rechter, MD may be served with process at 5420 West Loop South,

Suite 2300, Houston Texas 77401.

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendant Orthopaedic Associates, LLP had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants employed "employees", including Plaintiffs and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6     At all relevant times, Defendant Orthopaedic Associates, LLP has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Plaintiffs and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants operate an orthopedic medical group in Houston Texas.  Plaintiffs and those similarly situated worked for Defendants as hourly, non-exempt employees.

5.2     Defendants employed Plaintiffs and those similarly situated during the three-year period

preceding the filing of this Complaint. Specifically, Plaintiff Elizabeth Calles worked for Defendants from June 2014 to November 19, 2016, and Plaintiff Mersiha Ramic worked for Defendants from June 2015 to November 10, 2016.

5.3   Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.4   Defendants maintained and exercised the power to hire, fire, and discipline Plaintiffs and those similarly situated during their employment with Defendants.

5.5   Plaintiffs and those similarly situated were required to comply with Defendants' policies and procedures in performing their work during their employment with Defendants.

5.6   Alan J. Rechter, MD independently exercised control over the work performed by Plaintiffs and those similarly situated.

5.7   Alan J. Rechter, MD is responsible for running the day-to-day operations of Orthopaedic Associates, LLP.

5.8   Alan J. Rechter, MD, acting directly in the interest of Orthopaedic Associates, LLP, determined the wages to be paid to Plaintiffs and those similarly situated.

5.9   Alan J. Rechter, MD, acting directly in the interest of Orthopaedic Associates, LLP, determined the work to be performed by Plaintiffs and those similarly situated and monitored and directed their work on a regular basis.

5.10   Alan J. Rechter, MD, acting directly in the interest of Orthopaedic Associates, LLP, determined the locations where Plaintiffs and those similarly situated would work.

5.11   Alan J. Rechter, MD, acting directly in the interest of Orthopaedic Associates, LLP, determined the hours of Plaintiffs and those similarly situated.

5.12   Alan J. Rechter, MD, acting directly in the interest of Orthopaedic Associates, LLP,

determined the conditions of employment of Plaintiffs and those similarly situated.

5.13   Alan J. Rechter, MD, acting directly in the interest of Orthopaedic Associates, LLP, maintained employment records on Plaintiffs and those similarly situated.

5.14   Alan J. Rechter, MD, acting directly in the interest of Orthopaedic Associates, LLP, possessed and, in fact, exercised the power to hire, fire and discipline Plaintiffs and those similarly situated.

5.15   Plaintiffs and those similarly situated were non-exempt employees under the FLSA.

5.16   Defendants paid Plaintiffs and those similarly situated on an hourly basis for all hours worked.

5.17   Plaintiffs and those similarly situated worked in excess of forty hours per week.

5.18   Although Plaintiffs and those similarly situated worked more than forty hours per week, Plaintiffs and those similarly situated have not been paid overtime premiums for all hours worked over forty.

## VI.   COLLECTIVE ACTION ALLEGATIONS

6.1   Other employees have been victimized by this pattern, practice, and policy of Defendants that is in violation of the FLSA.  Plaintiffs are aware that the illegal practices and policies of Defendants have been imposed on other employees.

6.2   Plaintiffs bring this lawsuit on behalf of themselves and all other persons who worked for Defendants as hourly, non-exempt employees at any time three years prior to the filing of this lawsuit, to the entry of judgment in this lawsuit (Collective Class).

6.3    Though their job titles may vary, members of the Collective Class were all treated similarly in that Defendants either pressured them to work off the clock, pressured them to under-report hours, or refused to pay them for all hours worked over forty per week.

6.4     Plaintiffs' experiences are typical of the experiences of other similarly situated employees.

6.5     Defendants' operations with respect to Plaintiffs and the Collective Class and wages paid to Plaintiffs and the Collective Class are substantially similar, if not identical.

6.6     Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Plaintiffs and the Collective Class.

6.7     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.8     Plaintiffs file this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).  Plaintiffs bring these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).  Plaintiffs bring these claims on their behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

6.9     Plaintiffs request that Defendants identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, email addresses and mobile telephone numbers.

6.10    Plaintiffs seek to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiffs' counsel as required by 29 U.S.C. § 216(b).

6.11    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.12    Plaintiffs will fairly and adequately represent and protect the interests of those similarly

situated who opt into this action.

## VII.   CAUSE OF ACTION: VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

7.1   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2   As non-exempt employees under the FLSA, if Plaintiffs and those similarly situated worked over forty hours in a workweek, they were entitled to overtime pay for these hours.

7.3   Over the course of the relevant period, Plaintiffs and those similarly situated routinely worked in excess of forty hours per week.

7.4   Even though Plaintiffs and those similarly situated worked in excess of forty hours per week, Defendants failed to pay them overtime pay for all hours worked in excess of forty per week.

7.5   Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiffs and those similarly situated overtime compensation for all hours worked over forty per workweek.

7.6   In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiffs and those similarly situated.

7.7   No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiffs and those similarly situated overtime compensation for all hours worked over forty in a workweek.

7.8   Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation. Plaintiffs and those similarly situated are entitled to liquidated damages for such conduct.

7.9   Plaintiffs and those similarly situated seek all unpaid overtime compensation and an

additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Elizabeth Calles and Mersiha Ramic and all those similarly situated to them who have or will opt into this action, respectfully pray that this Honorable Court follow the certification procedures previously established pursuant to § 216 of the Fair Labor Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from prospective members of the collective action, and that subsequent thereto Plaintiffs and all others similarly situated recover the following, jointly and severally, from Defendants Orthopaedic Associates, LLP and Alan J. Rechter, MD, Individually:

a. unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times their regular rates;

b. liquidated damages in an amount equal to their unpaid overtime compensation as allowed by the FLSA;

c. reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. such other and further relief, at law or in equity, as this Honorable Court deems necessary.

Respectfully submitted,

 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEYS FOR PLAINTIFFS